UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRIAN K. JONES, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:07-cv-317 |
| | ) *Phillips* |
| | ) |
| CORP. BILL FANCHER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. The matter is before the court on the motion to dismiss filed by defendant Bill Fancher, plaintiff's response to the motion to dismiss and supplement to his response, and defendant's supplement to his motion to dismiss. The defendant having presented matters outside the pleadings in support of his dispositive motion, the motion will be treated as a motion for summary judgment. Fed. R. Civ. P. 12(b). For the following reasons, the motion for summary judgment will be **GRANTED** and this action will be **DISMISSED**.

Plaintiff is a federal inmate who is confined in the Blount County Detention Center. The defendant is Corporal Bill Fancher. Plaintiff alleges that on July 1, 2007, defendant Fancher had several correctional officers use unnecessary force to take plaintiff from his cell to intake and, at intake, place plaintiff on a slab in a "4-point" restraint and helmet for three

hours. According to plaintiff, breathing was difficult and he was placed in danger because of his heart condition. Plaintiff also alleges the "4-point" restraint has been outlawed in many states because the courts have found it to be cruel and unusual punishment. Defendant Fancher moves to dismiss the claim against him on the ground that plaintiff has not exhausted his available administrative remedies.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must exhaust all available administrative remedies. 42 U.S.C. § 1997e. "There is no question that exhaustion is mandatory under the [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court." *Bock v. Jones*, 127 S. Ct. 910, 918-19 (2007) (abrogating the Sixth Circuit's rule that plaintiffs must plead administrative exhaustion and holding that failure to exhaust administrative remedies is an affirmative defense to be established by defendants).

Within the body of his complaint, plaintiff states the following: "The inmate grievance procedure is a [sic] internal mechanism for solving inmate complaints. So following the grievance of the Blount Co. Justice Center, as of the 7th day of July, 2007 they have refused to answer my grievance." [Court File No. 2, Complaint, pp. 1-2]. In support of his motion to dismiss, defendant Fancher has submitted the affidavit of Captain Daniel E. Neubert, Jr. [Court File No. 7, Attachment 1, Affidavit of Daniel E. Neubert, Jr.]. Capt. Neubert testifies that he is the facility administrator at the Blount County Detention Facility in the Blount County Justice Center, and is the custodian of records at the Blount County

2

Justice Center; Capt. Neubert also states that he is testifying upon personal knowledge. [*Id*. at 1].

According to Capt. Neubert, plaintiff never filed a grievance as to any of the matters referred to in his complaint; plaintiff only filed one grievance, in which he requested a haircut. [*Id*. at 1]. Attached as an exhibit to Capt. Neubert's affidavit is plaintiff's inmate file at the Blount County Justice Center. [*Id*., Exhibit 1]. Also attached to Capt. Neubert's affidavit is a copy of the grievance procedure for the Blount County Detention Center. [*Id*., Exhibit 2].

In response, plaintiff has submitted a hand-written copy of a grievance, which plaintiff claims was given to a correctional officer on July 7, 2007. [Court File No. 10, Response]. In response to that, defendant Fancher has submitted the Affidavit of Chief Deputy Ron Dunn. [Court File No. 11, Attachment 1, Affidavit of Ron Dunn]. Chief Deputy Dunn testifies that he is custodian of the records of the Blount County Detention Facility, and is testifying upon personal knowledge. [*Id*. at 1]. Chief Deputy Dunn further testifies as follows:

> I have reviewed the Blount County Detention Facility records regarding grievances, of which I am custodian. There is no record of any Complaint/Grievance dated July 7, 2007, or thereafter, made by the Plaintiff in any of those records as to the matters described in Plaintiff['s] Response to Motion to Dismiss. The Plaintiff has not complied with the Detention Facility Grievance Policy with regard to any incident on or after July 7, 2007.

[*Id*. at 1-3].

3
Case 3:07-cv-00317 Document 14 Filed 09/16/08 Page 3 of 4 PageID #: 25

In a supplement to his response to the motion to dismiss, plaintiff does not address Chief Deputy Dunn's affidavit, but rather reemphasizes his allegations of excessive force in violation of the Eighth Amendment. [Court File No. 12, Supplement to Response].

Under the circumstances, the court finds the testimony of Capt. Neubert and Chief Deputy Dunn to be the more credible. Plaintiff's inmate file contains his request for a haircut, an incident report concerning his placement in restraints on July 1, 2007, but no grievance concerning the July 1, 2007, incident. Accordingly, defendant Fancher's motion for summary judgment will be **GRANTED** and this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                             s/ Thomas W. Phillips
                                                 United States District Judge